# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | : |
| | : |
| **EMERGENCY MONITORING** | : |
| **TECHNOLOGIES, INC.,** | : |
| | : **Bankruptcy No. 05-28055-MBM** |
| Debtor. | : |
| **Robert Shearer, Trustee of the Estate** | : |
| **of Emergency Monitoring** | : |
| **Technologies, Inc.,** | : **Chapter 7** |
| Plaintiff, | : |
| | : |
| v. | : **Adversary No. 06-2400-MBM** |
| | : |
| **Steve Tepsic,** | : |
| Defendant. | : |

## MEMORANDUM

**AND NOW,** this **1st day** of **August, 2006**, upon consideration of

(a) the complaint filed by Robert Shearer, the Chapter 7 Trustee for the bankruptcy estate of Emergency Monitoring Technologies, Inc., the instant debtor (hereafter "the Debtor"), wherein such Trustee (hereafter "the Trustee") seeks to avoid several transfers (or alleged transfers) between the Debtor and Steve Tepsic, the instant defendant (hereafter "Tepsic"), including, *inter alia*, a redemption transaction that occurred in 1999, and

(b) Tepsic's Rule 12(b)(6) motion to dismiss on the ground that the entirety of the Trustee's complaint is barred by the passage of the applicable statutes of limitations;

and subsequent to notice and a hearing on Tepsic's motion to dismiss held on July 17, 2006;

and notwithstanding the Court's initial inclination, as conveyed orally at such hearing, to grant such dismissal motion in part with respect to, in particular, the Trustee's avoidance action vis-a-vis the aforesaid transfer that occurred in 1999,

it is **hereby determined that the Court shall now issue an order to the effect that** Tepsic's motion to dismiss is **DENIED WITH PREJUDICE in its entirety**, even with respect to the Trustee's avoidance action vis-a-vis the aforesaid transfer that occurred in 1999.

The Court so rules because, even with respect to the intersection of the applicable statute of limitations and the aforesaid transfer that occurred in 1999, it does not appear beyond doubt that the Trustee can prove no set of facts in support of his avoidance action. The Court concludes that the Trustee could conceivably prove such a set of facts vis-a-vis the 1999 redemption transaction because (a) the Internal Revenue Service (hereafter "the I.R.S.") is a creditor of the Debtor that possessed a substantial, albeit post-1999, claim against the Debtor as of the date of the Debtor's bankruptcy petition filing, (b) the Court cannot dismiss, at the present stage of the instant litigation, the chance that the I.R.S. could have avoided the aforesaid 1999 transfer pursuant to 12 Pa.C.S.A. § 5104(a)(2), which statutory provision allows a "future creditor" to avoid a transfer under certain circumstances, (c) an action by the I.R.S. under 12 Pa.C.S.A. § 5104(a)(2) could only be barred by the 10-year statute of limitations contained in 26 U.S.C. § 6502(a)(1), that is such action could not be barred

merely by the passage of the statute of limitation contained in 12 Pa.C.S.A. § 5109, *see* In re Porras, 312 B.R. 81, 96-97 (Bankr.W.D.Tex. 2004), (d) such 10-year limitations period had not passed as of the date of the Debtor's bankruptcy petition filing, and (e) the Trustee can access such conceivable action by the I.R.S. by way of 11 U.S.C. § 544(b).

Therefore, the Court determines that it shall issue the order set forth at the beginning of the instant Memorandum.

                                                **BY THE COURT**

                                                ___/s/_____
                                                **M. BRUCE McCULLOUGH,**
                                                **U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** : | |
| : | |
| **EMERGENCY MONITORING** : | |
| **TECHNOLOGIES, INC.,** : | |
| : | **Bankruptcy No. 05-28055-MBM** |
| Debtor. : | |
| : | |
| **Robert Shearer, Trustee of the Estate** : | |
| **of Emergency Monitoring** : | |
| **Technologies, Inc.,** : | **Chapter 7** |
| Plaintiff, : | |
| : | |
| v. : | **Adversary No. 06-2400-MBM** |
| : | |
| **Steve Tepsic,** : | |
| Defendant. : | |

## ORDER OF COURT

**AND NOW,** this **1st day** of **August, 2006**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the motion to dismiss brought by Steve Tepsic, the instant defendant, is **DENIED WITH PREJUDICE in its entirety**.

                                                     **BY THE COURT**

                                                     /s/
                                                   **M. BRUCE McCULLOUGH,**
                                                   **U.S. Bankruptcy Judge**

cm:   Owen W. Katz, Esq.
        P. O. Box 7826
        Pittsburgh, PA 15215

Joel M. Helmrich, Esq.
Gary A. Kern, Esq.
Meyer, Unkovic & Scott
1300 Oliver Building
Pittsburgh, PA 15222